UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER GALEANO,<br>CDCR #P-90068,<br><br>         Plaintiff,<br><br>vs.<br><br>DOMINGO URIBE, Jr., Warden; Sgt.<br>RAMIREZ, ISU Sergeant; C. PARKHILL,<br>ISU Officer; TOVAR, ISU Correctional<br>Officer; UNKNOWN CORRECTIONAL<br>OFFICERS; LICENSED VOCATIONAL<br>NURSE; UNKNOWN CORRECTIONAL<br>MEDICAL STAFF,<br><br>         Defendants. | Civil No.  11-1018 LAB (PCL)<br><br>**ORDER DISMISSING CIVIL<br>ACTION WITHOUT PREJUDICE<br>FOR FAILING TO PAY<br>FILING FEE REQUIRED<br>BY 28 U.S.C. § 1914(a) AND/OR<br>FAILING TO MOVE TO PROCEED<br>*IN FORMA PAUPERIS*<br>PURSUANT TO<br>28 U.S.C. § 1915(a)** |

  Plaintiff, currently incarcerated at Centinela State Prison in Imperial, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has neither prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

**I. Failure to Pay Filing Fee or Request IFP Status**

  All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only

if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Because Plaintiff has not prepaid the $350 filing fee nor submitted a Motion to Proceed IFP, this civil action cannot proceed. *Id.*; 28 U.S.C. § 1914(a).

**II.    Conclusion and Order**

For the reasons set forth above, the Court hereby:

(1)    **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)    **GRANTS** Plaintiff forty five (45) days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED**.

DATED: May 18, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be screened and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening procedure required by 28 U.S.C. § 1915A(b)).